| | |
|---|---|
| | |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT E. HALL and JANET W. HALL,<br><br>Plaintiffs,<br><br>v.<br><br>THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR CWALT, INC., ALTERNATIVE LOAN TRUST 2006-7CB, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-7B; CWALT, INC., ALTERNATIVE LOAN TRUST 2006-7CB, MORTGAGE PASS THROUGH CERTIFICATES, SERIES ROES 1-10 AND DOES 1 - 10, inclusive, representing a class of unknown persons who claim or have the right to claim an interest in certain real property located in Sacramento, California,<br><br>Defendants. | No. 2:16-cv-2828 GEB DB PS<br><br>ORDER |

This action came before the court on May 19, 2017, for hearing of defendant's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1] Attorney Ryan

---

[1] Plaintiffs are proceeding in this action pro se. This matter was, therefore, referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

Davies appeared telephonically on behalf of defendant Bank of New York Mellon. No appearance was made by, or on behalf of, plaintiff Robert Hall or plaintiff Janet Hall.[2]

I. **Defendant's Motion to Dismiss**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). In general, pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986).

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the

---

[2] On May 16, 2017, plaintiffs filed "PLAINTIFFS' ORAL ARGUMENT WAIVER." (ECF No. 21.) Plaintiffs are advised that, while the undersigned may elect to take matters under submission without oral argument, the undersigned does not waive oral argument at the request of a party. The undersigned anticipates that plaintiffs will appear, either in person or telephonically, at any future hearing. Moreover, plaintiffs are cautioned that the failure to appear at a noticed hearing may be deemed a withdrawal of the opposition to the granting of a motion, or the imposition of sanctions. See Local Rule 230(i).

2

> claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555; see also Iqbal, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

Here, plaintiffs' amended complaint fails to contain a short and plain statement of a claim showing that they are entitled to relief. In this regard, plaintiffs' amended complaint consists of 114 pages of vague and conclusory allegations. Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly. Fed. R. Civ. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555, 557). A plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support the plaintiff's claims. Jones, 733 F.2d at 649.

With respect to some of the specific allegations found in the amended complaint, it appears plaintiffs wish to challenge the assignment of the securitization of their home loan. Plaintiffs are advised that "borrowers have standing to challenge assignments as void, but not as voidable . . . ." Yvanova v. New Century Mortg. Corp., 199 Cal.Rptr.3d 66, 82 (Cal. 2016); see also Mendoza v. JPMorgan Chase Bank, N.A., 6 Cal.App.5th 802, 811 (2016) ("A borrower has standing if the alleged assignment is void, but not if the assignment is merely voidable.").

Although the amended complaint frequently describes the assignment at issue as void, it does not clearly and concisely explain what rendered the assignment void. See generally Sciarratta v. U.S. Bank National Association, 247 Cal.App.4th 552, 563 (2016) (allegations and judicially noticed documents established void assignment where "first amended complaint alleges that in November 2009, when Chase purported to assign Sciarratta's promissory note and deed of trust to Bank of America, Chase had nothing to assign, having previously (in April 2009) assigned the promissory notes and deed of trust to Deutsche Bank"); Saterbak v. JPMorgan Chase Bank, N.A., 245 Cal.App.4th 808, 814 (2016) ("Saterbak alleges the DOT was assigned to the 2007–AR7 trust in an untimely manner under the PSA. Specifically, she contends the assignment was void under the PSA because MERS did not assign the DOT to the 2007–AR7 trust until years after the closing date. Saterbak also alleges the signature of 'Nicole M. Wicks' on the assignment document was forged or robo-signed. Saterbak lacks standing to pursue these theories.").

The amended complaint also asserts vague and conclusory allegations of fraud and deceit. (ECF No. 11 at 74-75.) Rule 9(b) requires that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "'Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged.'" Kearns v. Ford Motor Co., 567 F.3d 1120, 1124 (9th Cir. 2009) (quoting Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003)).

Finally, the amended complaint also alleges a claim for violation of the Truth in Lending Act, ("TILA"). (ECF No. 11 at 85-86.) That claim appears to be time-barred. In this regard, individual actions for damages under TILA must be filed within one year of the date of occurrence of the alleged violation. 15 U.S.C § 1640(e). The one-year limitations period begins to run when the plaintiff executes his or her loan documents, "because they could have discovered the alleged disclosure violations and discrepancies at that time." Cervantes v. Countrywide Home Loans, Inc., 656 F.3d 1034, 1045 (9th Cir. 2011); see also Meyer v. Ameriquest Mortg. Co., 342 F.3d 899, 902 (9th Cir. 2003) ("The failure to make the required disclosures occurred, if at all, at the time the loan documents were signed. The Meyers were in full possession of all information relevant to the discovery of a TILA violation and a § 1640(a) damages claim on the day the loan

papers were signed."). Here, it appears that the assignment of plaintiffs' Deed of Trust to defendant occurred on May 5, 2011, and this action was not commenced until November 29, 2016. (ECF No. 11 at 6.)

Accordingly, for the reasons stated above defendant's motion to dismiss should be granted.

## II.     Leave to Amend

The undersigned has carefully considered whether plaintiffs may further amend the complaint to state a claim upon which relief can be granted. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

However, when evaluating the failure to state a claim, the complaint of a pro se plaintiff may be dismissed "only where 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984) (quoting Haines v. Kerner, 404 U.S. 519, 521 (1972)); see also Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (quoting Schucker v. Rockwood, 846 F.2d 1202, 1203-04 (9th Cir. 1988)).

Here, given the vague and conclusory nature of the amended complaint's allegations, the undersigned cannot yet say that it appears beyond doubt that further leave to amend would be futile. Plaintiffs' amended complaint will therefore be dismissed, and plaintiffs will be granted further leave to file a second amended complaint. Plaintiffs are cautioned, however, that if plaintiffs elect to file a second amended complaint "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft, 556 U.S. at 678. "While legal conclusions can provide the complaint's framework, they

must be supported by factual allegations." Id. at 679. Those facts must be sufficient to push the claims "across the line from conceivable to plausible[.]" Id. at 680 (quoting Twombly, 550 U.S. at 557).

Plaintiffs are also reminded that the court cannot refer to a prior pleading in order to make an amended complaint complete. Local Rule 220 requires that any amended complaint be complete in itself without reference to prior pleadings. The second amended complaint will supersede the amended complaint just as the amended complaint superseded the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Thus, in a second amended complaint, just as if it were the initial complaint filed in the case, each defendant must be listed in the caption and identified in the body of the complaint, and each claim and the involvement of each defendant must be sufficiently alleged. Any second amended complaint which plaintiffs may elect to file must also include concise but complete factual allegations describing the conduct and events which underlie plaintiffs' claims. In this regard, plaintiffs' second amended complaint will be subject to a thirty-five page limit.

## **CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's March 6, 2017 motion to dismiss, (ECF No. 14), is granted;

2. The amended complaint filed February 10, 2017, (ECF No. 11), is dismissed with leave to amend;

3. Within twenty-eight days from the date of this order, a second amended complaint shall be filed that cures the defects noted in this order and complies with the Federal Rules of Civil Procedure and the Local Rules of Practice.[3] The second amended complaint must bear the case number assigned to this action and must be titled "Second Amended Complaint";

4. Plaintiffs second amended complaint shall not exceed thirty-five pages; and

////

////

---

[3] Alternatively, if plaintiffs no longer wish to pursue this action plaintiffs may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.

6

5. Plaintiffs are cautioned that the failure comply with this order in a timely manner may result in a recommendation that this action be dismissed.

Dated: May 25, 2017

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.pro se\hall2828.oah.051917