UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT E. HALL and JANET W. HALL,<br><br>Plaintiffs,<br><br>v.<br><br>THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR CWALT, INC., ALTERNATIVE LOAN TRUST 2006-7CB, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-7B; CWALT, INC., ALTERNATIVE LOAN TRUST 2006-7CB, MORTGAGE PASS THROUGH CERTIFICATES, SERIES ROES 1-10 AND DOES 1 - 10, inclusive, representing a class of unknown persons who claim or have the right to claim an interest in certain real property located in Sacramento, California,<br><br>Defendants. | No. 2:16-cv-2828 GEB DB PS<br><br>FINDINGS AND RECOMMENDATIONS |

This action came before the undersigned on September 8, 2017, for hearing of defendant Bank of New York Mellon's, ("BNYM"), motion to dismiss pursuant to Rule 12(b)(6) of the

////

////

1

Federal Rules of Civil Procedure.¹ Attorney Jennifer Needs appeared telephonically on behalf of defendant BNYM. No appearance was made by, or on behalf of, plaintiff Robert Hall or plaintiff Janet Hall.²

## BACKGROUND

Plaintiffs Robert Hall and Janet Hall, proceeding pro se, commenced this action on November 29, 2016, by filing a complaint and paying the required filing fee. (ECF No. 1.) On February 10, 2017, plaintiffs filed a first amended complaint. (ECF No. 11.) In an order filed on May 26, 2017, the undersigned dismissed plaintiffs' first amended complaint with leave to amend. (ECF No. 23.)

Plaintiffs filed a second amended complaint on June 22, 2017.³ (ECF No. 24.) Therein, plaintiffs allege that "on or about January 19, 2006, Plaintiffs executed a Promissory Note and Deed of Trust," ("DOT"), which was "recorded in Sacramento County Record's Office on January 26, 2006 as instrument No. 20060126-0252." (Sec. Am. Compl. (ECF No. 24) at 8.⁴) Plaintiffs contend that DOT is "not only void but *Void Ab Initio* being null from the beginning as from the first moment when it was created." (Id.) (emphasis in original).

Moreover, "on or about May 3, 2011, an 'Assignment of Deed of Trust,' . . . document was executed in California and recorded in Sacramento County Record's Office on May 14, 2011 as Instrument No. 20110414-0002656." (Id.) This assignment of the DOT "is void and didn't

---

¹ Plaintiffs are proceeding in this action pro se. This matter was, therefore, referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

² This was the second time plaintiffs failed to appear at the hearing of a motion to dismiss. After their first failure to appear, plaintiffs were cautioned that "the failure to appear at a noticed hearing may be deemed a withdrawal of the opposition to the granting of a motion, or the imposition of sanctions." (ECF No. 23 at 2.) Defendant's motion to dismiss could be granted due simply to plaintiffs' failure to appear. See Local Rule 230(i); see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal.").

³ Plaintiffs' second amended complaint is erroneously captioned "FIRST AMENDED COMPLAINT." (ECF No. 24 at 1.)

⁴ Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

transfer beneficial interest to Defendants." (Id.)

Based on these allegations, the complaint asserts causes of action for: (1) declaratory relief; (2) cancellation of instruments; (3) negligent misrepresentation; (4) violation of California Business and Professions Code § 17200; (5) wrongful foreclosure; and (6) statutorily defective foreclosure.[5] (Id. at 12-32.) The second amended complaint alleges that there is complete diversity of citizenship between the parties and that the amount in controversy is "in excess of $255,000." (Id. at 3-4.)

Defendant BNYM filed the pending motion to dismiss on July 6, 2017. (ECF No. 25.) Plaintiffs filed an opposition on August 25, 2017. (ECF No. 29.) Defendant filed a reply on September 1, 2017. (ECF No. 30.)

## STANDARD

I.  <u>Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(6)</u>

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. <u>N. Star Int'l v. Ariz. Corp. Comm'n</u>, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984); <u>Love v. United States</u>, 915 F.2d 1242, 1245 (9th Cir. 1989). In general, pro se complaints are held to less

---

[5] Although the caption of the second amended complaint purports to assert ten causes of action, the causes of actions stated above are, in fact, the only causes of action asserted in the second amended complaint.

3

stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555; see also Iqbal, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court is permitted to consider material which is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on them, and matters of public record. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

ANALYSIS

I.  Rule 8

Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly. Fed. R. Civ. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555, 557). A plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support the plaintiff's claims. Jones, 733 F.2d at 649.

As was true of plaintiffs' prior pleading, the second amended complaint fails to satisfy the requirements of Rule 8 of the Federal Rules of Civil Procedure. In this regard, the above two-paragraph recitation of the second amended complaint's factual allegations account for essentially all of the factual allegations found in the second amended complaint. The remainder of the second amended complaint is comprised of vague and conclusory allegations.

For example, the second amended complaint's claim for declaratory relief alleges that defendant BNYM "does not have a secured or unsecured legal, equitable, or pecuniary interest in Plaintiffs loan evidence by the fact that the only lien assigned . . . was a non-existent mortgage," and that later assignments "are void and have no value since of the Deed of Trust was never transferred and is wholly unsecured." (Sec. Am. Compl. (ECF No. 24) 13.) No facts are alleged, however, that would support these conclusory allegations. In support of the claim for violation of § 17200, the second amended complaint alleges that "Defendants facilitated, aided and abetted the illegal, deceptive and unlawful enforcement of Plaintiffs' Note and Deed of Trust and engaged in other illegal debt collection activities," again without providing any factual support. (Id. at 20.)

The second amended complaint's "statutorily defective foreclosure" cause of action, states simply:

> For their twenty-first and distinct cause of action, complete separate and independent as not to be consolidate (sic) with Plaintiffs' twentieth cause of action for Wrongful Foreclosure Plaintiffs are informed and believe, and based on such information and beliefs, aver that a genuine controversy exists as to whether or not the non-judicial foreclosure is a "Statutorily Defective Foreclosure" under California Revised Statutes.[6]

(Id. at 31.)

Accordingly, plaintiffs' second amended complaint should be dismissed for failure to state any claim plainly and succinctly.

////

---

[6] Although the second amended complaint asserts only six causes of action, the second amended complaint refers to four of those causes of action as the "fourteenth," "fifteenth," "seventeenth," and "twentieth," causes of action. (Sec. Am. Compl. (ECF No. 24) at 15, 18, 19, 24.)

5

II. <u>Standing</u>

As noted by defendant's motion to dismiss, every cause of action asserted in the second amended complaint is premised on plaintiffs' theory that the DOT and later assignment of plaintiffs' loan into a trust pool was void. (Def.'s MTD (ECF No. 25) at 10.) In this regard, the second amended complaint asserts that "the Deed of Trust recorded in Sacramento . . . . [is] not only void but *Void Ab Initio* being null from the beginning as from the first moment when it was created." (Sec. Am. Compl. (ECF No. 24) at 8) (emphasis in original).

Under California law, borrowers have standing to challenge assignments that are void, but not those that are voidable. See <u>Yvanova v. New Century Mortg. Corp.</u>, 62 Cal.4th 919, 939 (Cal. 2016); see also <u>Mendoza v. JPMorgan Chase Bank, N.A.</u>, 6 Cal.App.5th 802, 811 (2016) ("A borrower has standing if the alleged assignment is void, but not if the assignment is merely voidable."). When an assignment is "voidable, the power to ratify or avoid the transaction lies solely with the parties to the assignment," whereas "a void one cannot be ratified or validated by the parties to it even if they so desire." <u>Yvanova</u>, 62 Cal.4th at 936.

As discussed above, few facts are alleged addressing why the assignment at issue was void. However, the second amended complaint does allege that the assignment was void "as a result of the bungled securitization," the "permanent separation of the Note and collateral," and because the transfer of the loan to the trust occurred "after the closing date" for the trust. (Sec. Am. Compl. (ECF No. 24.) at 17, 27.) And plaintiffs' opposition argues that "Defendants' noncompliance with the Pooling and Service Agreements is a violation of New York EPTL § 7-2.4 and is at the center of Plaintiffs' claims." (Pls.' Opp.'n (ECF No. 29) at 31.)

Such defects, however, render the assignment merely voidable. See <u>Morgan v. Aurora Loan Services, LLC</u>, 646 Fed. Appx. 546, 550 (9th Cir. 2016) ("But because an act in violation of a trust agreement is voidable—not void—under New York law, which governs the Pooling and Servicing Agreement (PSA) at issue, Morgan lacks standing here."); <u>Thrower v. Nationstar Mortgage LLC</u>, Civ. No. 2:17-0766 WBS KJN, 2017 WL 2813169, at *3 (E.D. Cal. June 29, 2017) ("borrowers do not have standing to challenge a late assignment of their deed of trust because an untimely assignment is voidable, not void"); <u>Saterbak v. JPMorgan Chase Bank, N.A.</u>,

245 Cal.App.4th 808, 814 (2016) ("Saterbak alleges the DOT was assigned to the 2007–AR7 trust in an untimely manner under the PSA. Specifically, she contends the assignment was void under the PSA because MERS did not assign the DOT to the 2007–AR7 trust until years after the closing date. Saterbak also alleges the signature of 'Nicole M. Wicks' on the assignment document was forged or robo-signed. Saterbak lacks standing to pursue these theories."); Herrera v. Fed. Nat'l Mortg. Ass'n, 205 Cal.App.4th 1495, 141 Cal.Rptr.3d 326, 328 (2012) ("California [courts] have universally held that MERS, as nominee beneficiary, has the power to assign its interest under a deed of trust.").

The third amended complaint also alleges that the May 3, 2011, assignment of the deed of trust was defective because it violated California Civil Code § 1095 by failing "to be executed by [an] 'Attorney in Fact . . . .'" (Sec. Am. Compl. (ECF No. 24) at 30-31.) California Civil Code § 1095, however, simply requires that "[w]hen an attorney in fact executes an instrument transferring an estate in real property, he must subscribe the name of his principal to it, and his own name as attorney in fact."

Here, the assignment of the deed of trust was signed by Malik Basurto, an Assistant Secretary for Mortgage Electronic Registrations Systems, Inc. (Def.'s RJN, Ex. 2 (ECF No. 26) at 24.) In this regard, § 1095 "does not apply because the assignment of the Deed of Trust was" not signed by an attorney. Coburn v. Bank of New York Mellon, N.A., No. 2:10-cv-3080 JAM KJN, 2011 WL 1103470, at *3 (E.D. Cal. Mar. 22, 2011); see also Newman v. Bank of New York Mellon, No. 1:12-cv-1629 AWI GSA, 2013 WL 1499490, at *7 (E.D. Cal. Apr. 11, 2013) (finding no violation of § 1095 where "assignments are signed by individuals who are expressly identified as acting for MERS").

Accordingly, plaintiffs' second amended complaint should be dismissed for a lack of standing.

III.     Leave to Amend

For the reasons stated above, plaintiffs' second amended complaint should be dismissed. The undersigned has carefully considered whether plaintiffs could further amend the complaint to state a claim upon which relief could be granted. Valid reasons for denying leave to amend

7

include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments). In light of the deficiencies noted above, and plaintiffs' inability to previously successfully amend these claims, the undersigned finds that it would be futile to grant plaintiffs further leave to amend.

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendant's July 6, 2017 motion to dismiss (ECF No. 25) be granted;

2. The second amended complaint be dismissed without leave to amend; and

3. This case be closed.[7]

Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 24, 2018        /s/ DEBORAH BARNES
                               UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.pro se\hall2828.mtd.f&rs

---

[7] Although the second amended complaint names additional defendants, only defendant BNYM has appeared in this action. Nonetheless, where appropriate the court may sua sponte dismiss an action with prejudice in favor of a party that has not appeared where that party is in a similar position to the moving defendant. See Abagninin v. AMVAC Chem. Corp., 545 F.3d 733, 742-43 (9th Cir. 2008) (upholding dismissal in favor of a party which had not appeared, on the basis of facts presented by other defendants which had moved to dismiss) (citations omitted); Omar v. Sea-Land Serv., 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim sua sponte under [Rule] 12(b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief.").